IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| LEACUE OF WILDERNESS DEFENDERS BLUE MOUNTAINS BIODIVERSITY PROJECT; ET AL., | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil No. 05-1246-JO |
| v. | ) ) ) | FINDINGS OF FACT AND CONCLUSIONS OF LAW |
| UNITED STATES FOREST SERVICE; | ) ) | |
| Defendant, | ) ) | |
| AMERICAN FOREST RESOURCE COUNCIL; ET AL., | ) ) ) | |
| Defendant-Intervenors. | ) | |

The defendant U.S. Forest Service's motion to amend or alter the judgment to issue findings and conclusions (#___ ) is granted. These findings and conclusions are limited to the plaintiffs' motion for preliminary injunction (# 11), which was heard on September 9, 2005.

Plaintiffs challenge the implementation of the U.S. Forest Service's B&B Fire Recovery Project, which is taking place within the Sisters Ranger District of the Deschutes National Forest, in an effort to immediately halt salvage logging activities. A preliminary injunction is an

extraordinary remedy and plaintiffs bear the burden of proving the propriety of such a remedy by clear and convincing evidence. *See* Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 442 (1974). Accordingly, plaintiffs must demonstrate either: 1) a combination of probable success on the merits and the possibility of irreparable injury; or 2) that serious questions are raised and the balance of hardships tips sharply in favor of granting the requested injunction. Stuhlbarg Int'l Sales Co., Inc. v. John D Brush & Co., Inc., 240 F.3d 832, 839-40 (9th Cir. 2001). These two alternatives represent two points on a sliding scale where the required degree of irreparable harm increases as probability of success decreases. Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998). In addition, the court must determine whether an injunction is in the public interest. Caribbean Marine Serv. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988). The relative hardship to the parties is the critical element in deciding at which point along the continuum an injunction is justified. Benda v. Grand lodge of Intl. Ass'n of Machinists, 584 F.2d 308, 314-15 (9th Cir. 1978).

These traditional standards for injunctive relief are not altered by the implication of NEPA and NFMA, the environmental statutes at issue in this case; there is no presumption that environmental harm should outweigh other harm to the public interest. *See* Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987); Weinberger v. Romero-Barcelo, 456 U.S. 305, 313 (1982); Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1400 (9th Cir. 1992). The defendant U.S. Forest Service together with defendant-intervenors have demonstrated that they are implementing a carefully planned and supervised program for selective salvage logging of dead and dying trees following the catastrophic B&B fire, and that they will continue

implementing the reforestation plan as soon as the appropriate planting season arrives.[1]

Defendant-intervenors have demonstrated that these dead and dying trees are a perishable commodity that loses value due to decay processes and insect infestation with the passage of time, so that issuing a preliminary injunction would result in irreparable economic injury to these defendants.

The court denies plaintiffs' motion for preliminary injunction (# 11) based upon the record and evidence presented at the hearing of September 9, 2005, on the basis that the plaintiffs have not demonstrated the required degree of irreparable harm, given that I find no egregious violation of any environmental law.

These findings and conclusions of law resolve all matters presented to the court at the original hearing and are now final.

---

[1] The B&B Fire Recovery Project authorized three fire salvage timber sales, designated as Butte, Booth, and Little. Declaration of Dennis Dietrich (# 37) at ¶ 2. On August 10, 2005, defendant-intervenor Interfor Pacific was awarded the Butte and Booth sales, and defendant-intervenor Boise Building Solutions was awarded the Little sale. Id. at ¶¶ 2-3. The timber sale contract for the Butte Fire Salvage Sale specifies that all standing dead trees (a tree with no green needles is considered "dead") which are not marked with orange paint, and which are 12 inches or greater in diameter at breast height ("DBH"), are designated for cutting. Id. at ¶¶ 9-10. The contract for the Booth Fire Salvage Sale permits cutting only of dead standing trees in specified units, while other specified units permit cutting of both live (a tree with green needles is considered "live") and standing dead trees as long as the individual tree is not marked with orange paint and is 12 inches or greater at DBH. Id. at ¶¶ 11-14. The contract for the Little Fire Salvage Sale does not distinguish between live and dead trees; all trees, whether live or dead, that are 12 inches or greater at DBH and have no orange paint are designated to be cut and removed. Id. at ¶ 16. To summarize, the individual sale contract designation language and the paint applied to the trees on the ground defines the trees to be cut and the trees to be left for each of the three sales. Declaration of Dennis Dietrich at ¶ 17.

The court will hear presentations between 8:30 a.m. and 10:30 a.m., Monday, September 26, 2005, on plaintiffs' motion for injunction pending appeal (# 74) filed on September 22, 2005.

DATED this 23rd day of September, 2005.

    /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge